IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LUDMYLA SKORYCHENKO,

                                      Plaintiff,

    v.

ERNEST F. TOMPKINS,

                                      Defendant.

OPINION and ORDER

08-cv-626-slc[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       This is a civil suit for injunctive relief under the Immigration and Naturalization Act, 8 U.S.C. § 1183a. Plaintiff Ludmyla Skorychenko seeks to enforce the provisions of an I-864 affidavit of support in which defendant Ernest Tompkins agreed to maintain plaintiff at an income of at least 125 percent of the federal poverty guidelines. On October 28, 2008, I granted plaintiff's request to proceed in forma pauperis on her claim against defendant.

       Now before the court is defendant's motion dismiss for failure to state a claim on which relief may be granted. In his motion, defendant argues that plaintiff's claim should be dismissed because he executed an I-134 affidavit of support and not an I-864 affidavit of

---

[1]Because Judge Shabaz is on a medical leave of absence from the court for an indeterminate period, the court is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. I am assuming jurisdiction over this case for the sole purpose of issuing this order.

1

support. On December 8, 2008, plaintiff filed a brief in opposition to defendant's motion in which she reasserted her claim that defendant executed an I-864 affidavit of support. Defendant has had an opportunity to submit a reply brief in support of his motion to dismiss but declined to do so.

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) will be granted only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations" of the complaint. Cook v. Winfrey, 141 F.3d 322, 327 (7th Cir. 1998) (citing Hishon v. King & Spalding, 467 U.S. 69, 73, (1984)); Gossmeyer v. McDonald, 128 F.3d 481, 489 (7th Cir. 1997)). In deciding a Rule 12(b)(6) motion to dismiss, the court takes as true all well-pleaded facts, drawing all inferences and resolving all ambiguities in favor of the non-moving party. Dawson v. General Motors Corp., 977 F.2d 369, 372 (7th Cir. 1992).

At this stage, the sole issue is whether plaintiff's complaint states a claim under 8 U.S.C. § 1183(a)(e) and I conclude that it does. As an initial matter, since filing her complaint, plaintiff has submitted her I-864 affidavit of support. During a preliminary pre-trial conference between the parties on December 16, 2008, Magistrate Judge Stephen Crocker asked plaintiff to submit a copy of the I-864 form to this court and defendant's attorney. Dkt. #16, 1-2. Plaintiff submitted the form on December 18, 2008. Dkt. #17. Because, at this stage, the court is required to treat all factual allegations in the complaint

2

as true, plaintiff did not have to submit the I-864 to prove the truth of her allegations or for the purpose of resolving this motion to dismiss.

The Immigration and Nationality Act provides that "[a]n action to enforce an affidavit of support executed under subsection (a) of this section may be brought against the sponsor in any appropriate court – (1) by a sponsored alien, with respect to financial support." 8 U.S.C. § 1183(a)(e). The regulations promulgated pursuant to the Act provide that "execution of a Form I-864 under this section creates a contract between the sponsor and the U.S. Government for the benefit of the sponsored immigrant, and [t]he sponsored immigrant, . . . may seek enforcement of the sponsor's obligations through an appropriate civil action." 8 C.F.R. § 213a.2(d) (2007). Therefore, an I-864 affidavit of support creates a legal contract that is enforceable in both state and federal court. Davis v. U.S., 499 F. 3d 590, 594-95 (6th Cir. 2007); Schwartz v. Schwartz, Civ-04-770-M, 2005 WL 1242171, at *1-2 (W.D. Okla., May 10, 2005); Tornheim v. Kohn, 00 CV 5084(SJ), 2002 WL 482534, at *2 (E.D. N.Y., Mar. 26, 2002).

In her complaint, plaintiff alleges that defendant executed an I-864 affidavit of support in which he agreed to support and maintain her "at an income that is at least 125 percent of the federal poverty lines." Plt.'s Cpt., dkt #1, at 1. At this stage, these allegations of fact are sufficient to show that plaintiff is entitled to enforce the affidavit of support and would be entitled to relief under 8 U.S.C. § 1183(a). Because plaintiff states a claim under § 1183(a), defendant's motion to dismiss will be denied.

3

ORDER

IT IS ORDERED that defendant Ernest Tompkins's motion to dismiss plaintiff Ludmyla Skorychecnko's civil action to enforce defendant's obligations under the I-864 affidavit of support is DENIED.

Entered this 20th day of January, 2009.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge