IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LUDMYLA SKORYCHENKO,

                                                                       ORDER

                 Plaintiff,

                                                                      08-cv-626-bbc

     v.

ERNEST F. TOMPKINS,

                 Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a civil action for injunctive relief to enforce a federal contract. Plaintiff Ludmyla Skorychenko, who is proceeding pro se, alleges that defendant Ernest F. Tompkins executed an I-864 affidavit of support, requiring him to maintain plaintiff's income at 125 percent of the federal poverty lines until plaintiff becomes a United States citizen or "worked 40 qualifying quarters of coverage as defined under title II of the Social Security Act. . . " 8 U.S.C. § 1183a(a)(1)-(3). Plaintiff has brought this suit pursuant to § 1183 to enforce her rights under the affidavit of support. Defendant contends that plaintiff receives an income in excess of 125 percent of the federal poverty lines and that she engaged in fraud and deceit in her marriage to defendant.

      Now before the court is plaintiff's motion for summary judgment. Defendant filed

1

an opposition brief, in which he argues that he has had insufficient time to conduct discovery regarding plaintiff's proposed facts and that she has failed to meet her burden at summary judgment because there are disputed issue of material fact.

Despite defendant's suggestion that there are disputed issues of material fact, his response to plaintiff's proposed facts contains not one citation to the record or to any admissible evidence. This court's summary judgment procedure clearly state that any proposed fact or response to proposed finding of fact requires a reference to evidence supporting the proposed fact. Procedure to be Followed on Motions for Summary Judgment, § I.B., II.B., dkt. #19 at 15-17. Although the court may take as "true" a moving party's proposed fact when the non-moving party fails to properly respond, Hedrich v. Board of Regents of University of Wisconsin System, 274 F.3d 1174, 1177 (7th Cir. 2001) (upholding Western District of Wisconsin's local rules admitting moving party's proposed findings of fact when non-moving party fails to respond properly), I conclude that deciding plaintiff's motion with such a limited and undeveloped record would be inequitable at this time.

Defendant has not filed a formal Rule 56(f) motion, which provides that a court may deny a summary judgment motion or order a continuance if the nonmoving party has not had a fair opportunity to engage in full discovery of a disputed issue. However, the thrust of his opposition brief is that he has not had sufficient time to conduct discovery to rebut

2

plaintiff's claim. In order to succeed on a Rule 56(f) motion, a party must "state the reasons why it cannot adequately respond to the summary judgment motion without further discovery and must support those reasons by affidavit." Waterloo Furniture Components, Ltd. v. Haworth, Inc., 467 F.3d 641, 648 (7th Cir. 2006).

Defendant points out that plaintiff filed her motion for summary judgment on March 10, 2009, only one week after this court's pre-trial conference order, dkt. #19, when discovery had just started. Therefore, defendant did not have much time to secure the evidence and materials he would need to properly oppose plaintiff's motion. In addition, defendant submitted an affidavit in which he avers that he is working on discovery requests regarding plaintiff's current financial and employment status. This information is relevant to whether plaintiff is entitled to her desired relief and whether defendant has affirmative defenses to plaintiff's claim. It is information that is not readily available to defendant and therefore, requires additional time to conduct discovery. Moreover, I do not find that defendant's inability to locate this information within one week of this court's pre-trial conference order constitutes a lack of diligence.

Accordingly, in the interest of a fair and efficient resolution, I will grant defendant one month to supplement his opposition to plaintiff's proposed findings of fact in accordance with the court' summary judgment orders. Procedure to be Followed on Motions for Summary Judgment, § II.B., dkt. #19 at 16-17. To be clear, defendant may submit

3

amended responses to plaintiff's proposed findings of fact, additional findings of fact and a supplemental brief addressing the new facts.  This is not an opportunity to present new legal arguments defendant could have raised previously.  Plaintiff will then have two weeks to file a reply to defendant's supplemental brief and respond to additional findings of fact.  I will stay a decision on plaintiff's motion for summary judgment until all these materials have been submitted.  However, if defendant fails to supplement his opposition to plaintiff's facts or propose additional facts, I will decide plaintiff's motion on the materials presently before the court.

ORDER

IT IS ORDERED that a decision on plaintiff Ludmyla Skorychencko's motion for summary judgment is STAYED.  Defendant Ernest Tompkins will have until July 20, 2009 to submit a supplement to plaintiff's proposed finding of fact or additional proposed finds of fact.  Plaintiff will have until August 3, 2009 to reply to defendant's supplement or additional facts.  If by July 20, 2009 defendant has failed to submit a supplement in accordance with this order, this court will decide plaintiff's motion for summary judgment based on the parties' current submissions.

Entered this 16th day of June, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

5