IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LUDMYLA SKORYCHENKO,

                              ORDER

          Plaintiff,

                          08-cv-626-bbc

    v.

ERNEST F. TOMPKINS,

         Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a civil action to enforce an I-864 affidavit of support between plaintiff Ludmyla Skorychenko and defendant Ernest F. Tompkins. On March 10, 2009, plaintiff filed a motion for summary judgment in this case. Because the motion was filed one week after the court issued its preliminary pretrial conference order and defendant had not had sufficient time to gather evidence and material to properly oppose the motion, I stayed a decision on plaintiff's motion and allowed defendant a one-month extension to conduct discovery and respond to plaintiff's proposed findings of facts and motion. Dkt. #36.

      Now before the court is defendant's renewed Rule 56(f) motion to stay a decision on plaintiff's motion for summary judgment because he needs additional time to conduct discovery on the following issues: (1) plaintiff's money and property located in the Ukraine;

1

(2) plaintiff's wages and benefits from her employment or other sources; (3) plaintiff's true intentions when marrying defendant; and (4) whether plaintiff has a private right of action against defendant. Defendant's motion will be denied.

Under Rule 56(f) the court may deny a summary judgment motion if the nonmoving party has not had a fair opportunity to engage in full discovery of a disputed issue. To prevail on a Rule 56(f) motion, the party seeking a continuance or stay of decision must state why it cannot respond to the motion for summary judgment and support its allegations by affidavit. Waterloo Furniture Components, Ltd. v. Haworth, Inc., 467 F.3d 641, 648 (7th Cir. 2006). However, "'[w]hen a party fails to secure discoverable evidence due to his own lack of diligence,' the necessary justification is lacking, and 'it is not an abuse of discretion for the trial court to refuse to grant a continuance to obtain such information.'" Kalis v. Colgate-Palmolive Co., 231 F.3d 1049, 1057 n.5 (7th Cir. 2000) (citing Pfeil v. Rogers, 757 F.2d 850, 857 (7th Cir. 1985)).

In this case, defendant has offered no reason why he could not secure the information he needs in the time provided to him. First, whether plaintiff has a private right of action against defendant is not a discovery issue. This a question of law that defendant's counsel can answer and could have answered in the time allotted.

Second, the information that defendant allegedly needs regarding plaintiff's assets in the Ukraine, her wages and benefits and her true intentions when marrying him is the same

2

information he sought before.  See Dft's. PFOF, dkt. #30, at 3; Dft.'s Aff., dkt. #31, at 2. From a review of the record, it is clear that defendant served interrogatories and document requests on plaintiff and that she responded to both.  Plaintiff provided information regarding her wages and assets, submitted a financial disclosure statement and authorized release of her financial records.  Dkt. #37; Dkt. #38-8, Exh. A-C, E and F.

Although defendant has had four months to conduct discovery and plaintiff has responded to his requests, he has no explanation for his failure to gather the information he sought.  He does not argue that plaintiff has been uncooperative or failed to disclose information he asked her to provide.  He could have included the information he sought in his first set of interrogatories or documents request or even attempted to depose plaintiff, but he did not and he does not explain why.  Further, he could have tried to show why his additional efforts at conducting discovery might have failed, but he does not.  Therefore, I conclude that defendant has offered no good reason to justify additional time to conduct discovery and stay a decision on plaintiff's motion for summary judgment.  Accordingly, I will address plaintiff's motion once she files her brief in reply to defendant's supplemental brief and response to proposed findings of fact.  Plaintiff's reply is due August 3, 2009.

3

ORDER

IT IS ORDERED that defendant's Rule 56(f) motion, dkt. #39, is DENIED.

Entered this 27th day of July, 2009.

                                          BY THE COURT:
                                          /s/
                                          BARBARA B. CRABB
                                          District Judge