IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LUDMYLA SKORYCHENKO,                                    OPINION and
                                                        ORDER
                    Plaintiff,
                                                        08-cv-626-bbc
          v.

ERNEST F. TOMPKINS,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

    In this civil suit for injunctive relief pursuant to the Immigration and Naturalization

Act, 8 U.S.C. § 1183a, plaintiff Ludmyla Skorychenko seeks to enforce the provisions of an

I-864 affidavit of support in which defendant Ernest Tompkins agreed to maintain plaintiff

at an income of at least 125 percent of the federal poverty guidelines.  Now before the court

is plaintiff's motion for summary judgment.

    Before turning to the merits of plaintiff's motion, a preliminary procedural matter

requires attention.   Defendant did not comply with the court's summary judgment

procedures.  Defendant received a copy of this court's Procedure to be Followed on Motions

for Summary Judgment and Helpful Tips to Filing a Summary Judgment Motion in Cases

Assigned to Judge Barbara B. Crabb, which was attached to the pretrial conference order,

1

dkt. #19.  As explained in the procedures, a party opposing summary judgment must file a brief with opposing legal arguments, a response to the movant's proposed findings of fact and evidentiary materials to support the factual propositions.  Procedure, II.A.1-3.  If the opposing party wishes to dispute a proposed fact, he must state his version of the fact and refer to evidence that supports that version.  Procedure, II.D.2.

Despite defendant's suggestion that there are disputed issues of material fact, he did not include in his responses to plaintiff's proposed facts any citations to admissible evidence in the record.  Defendant referred only to his own affidavit and beliefs to contend that a fact was in dispute.  Although I instructed defendant that "affidavits must be made by persons who have first hand knowledge and must show that the person making the affidavit is in a position to testify about those facts," Procedure, I.C.1e, defendant has no personal knowledge or admissible evidence to support many of the statements he made in his affidavit.  The procedures provide that "[t]he court will not consider any factual propositions made in response to the moving party's proposed facts that are not supported properly and sufficiently by admissible evidence."  Procedure, II.E.2.  Thus, where defendant did not properly respond to plaintiff's proposed facts, I will accept plaintiff's proposals as undisputed.  Hendrich v. Board of Regents of University of Wisconsin System, 274 F.3d 1174, 1177 (7th Cir. 2001) (upholding this court's local rules adopting moving party's proposed findings of fact when non-moving party fails to respond properly).

2

From the parties' proposed findings of fact and the record, I find the following facts to be material and undisputed.

## UNDISPUTED FACTS

Plaintiff Ludmyla Skorychenko, a citizen of Ukraine, arrived in the United States on October 24, 2004 on to a fiancé visa.  On November 18, 2004, she married defendant Ernest F. Tompkins.  On January 4, 2005, defendant executed an I-864 affidavit of support in which he agreed to maintain plaintiff at an income of at least 125 percent of the federal poverty guidelines.

Plaintiff and defendant were divorced on February 16, 2006, and defendant was ordered to pay plaintiff maintenance in the amount of $200 each month for six months and $426.50 for plaintiff's share of marital property.  Defendant has not otherwise provided monetary assistance to plaintiff since the divorce.

On May 3, 2006, plaintiff received permanent resident status.  She is enrolled in the Senior Community Service Employment Program and receives an income of $466-470 a month from a subsidized job training assignment at the Aging and Disability Resource Center of Central Wisconsin.  She receives $200 per month in FoodShare benefits from Marathon County, Wisconsin Social Services.

## OPINION

### A.  Summary Judgment Standard

Summary judgment is appropriate if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)  In deciding a motion for summary judgment, the court must view all facts and draw all inferences in the light most favorable to the non-moving party.  Schuster v. Lucent Technologies, Inc., 327 F.3d 569, 573 (7th Cir. 2003). However, the non-moving party may not simply rest on his allegations; rather, he must come forward with specific facts that would support a jury's verdict in its favor.  Van Diest Supply Co. v. Shelby County State Bank, 425 F.3d 437, 439 (7th Cir. 2005).

### B.  Plaintiff's Motion for Summary Judgment

Under the Immigration and Nationality Act, an immigrant who is likely to become a public charge is ineligible for admission to the United States unless his or her application for admission is accompanied by an affidavit of support (form I-864) signed by a sponsor who is petitioning for the immigrant's admission. 8 U.S.C. § 1182(a)(4)(B)(ii). By signing the affidavit, the "sponsor agrees to provide support to maintain the sponsored alien at an annual income that is not less than 125 percent of the Federal poverty line."  8 U.S.C. § 1183a(a)(1)(A).  The sponsor's obligation under form I-864 terminates only if one of five

4

conditions is met:  (1) the sponsor dies; (2) the sponsored immigrant dies; (3) the sponsored immigrant becomes a United States citizen; (4) the sponsored immigrant departs the United States permanently; or (5) the sponsored immigrant is credited with 40 qualifying quarters of work.  8 U.S.C. § 1183a(c).  Although no circuit court has ruled on the issue raised in this case, which is whether a sponsor's obligation terminates in the event of divorce, I will adopt the reasoning of other district courts which have held that the sponsor's obligation under the affidavit does not terminate in the event of divorce.  Mergia v. Adams, No. 2:08-cv-1159, 2009 WL 1604706, at *5 (Jun. 5, 2009);  Younis v. Farooqi, 597 F. Supp. 2d 552, 554 (D. Md. 2009);  Shumye v. Felleke, 555 F. Supp. 2d 1020, 1023 (N.D. Cal. 2008); Schwartz v. Schwartz, Civ-04-770-M, 2005 WL 1242171, at *1-2 (W.D. Okla., May 10, 2005).  At least two good reasons underlie the courts' decisions: the statute does not include divorce as one of the conditions that would terminate a sponsor's obligation of support and relieving a sponsor of his obligation in the event of divorce would undermine the policy of the Immigration and Naturalization Act, which seeks to insure that sponsors carry out their obligations so that the sponsored immigrants do not become public charges.

A form I-864 affidavit is a legally enforceable contract between the sponsor and the United States Government for the benefit of the sponsored immigrant.  Under the regulations, the sponsored immigrant can bring a lawsuit to enforce the affidavit of support. 8 C.F.R. § 213a.2(d) (2007); Davis v. U.S., 499 F.3d 590, 594-95 (6th Cir. 2007); Shumye,

5

555 F. Supp. 2d at 1024; <u>Schwartz</u>, 2005 WL 1242171, at *1-2; <u>Tornheim v. Kohn</u>, 00 CB

5084 (SJ), 2002 WL 482534, at *2 (E.D.N.Y., Mar. 26, 2002).  By signing the affidavit, a

sponsor submits himself to the personal jurisdiction of any federal or state court in which

a civil lawsuit has been brought to enforce the affidavit. 8 C.F.R. § 213a(c)(2)(i)(C)(2).

Defendant sponsored plaintiff's admission to the United States and executed an I-

864 affidavit of support.  Although defendant contends that plaintiff fraudulently induced

him into signing the I-864 form with a promise of marriage she had no intention of carrying

out, he has produced no admissible evidence of fraud or any other defense that would relieve

him of the responsibilities he assumed when he signed the I-864 affidavit.  Plaintiff has not

worked for 40 qualifying quarters; she has not been naturalized as a United States citizen;

and she has not left the United States permanently.  Thus, defendant's obligations under the

affidavit of support have not terminated and he is contractually bound to support plaintiff

at 125 percent of the federal poverty level.  Because there are no genuine issues of material

fact that preclude enforcement of the affidavit of support against defendant, plaintiff's

motion for summary judgment will be granted.


C.  <u>Remedy</u>

The amount of damages plaintiff may recover from defendant is still at issue.  The

terms of the affidavit provide for a "measure of damages that would put plaintiff in as good

6

a position as she would have been had the contract been performed." <u>Shumye</u>, 555 F. Supp. 2d at 1024. To determine the appropriate damages, courts compare the sponsored immigrant's annual income for the particular years at issue against the 125 percent poverty threshold for each particular year. <u>Id.</u> at 1024-25. This means that defendant is liable for past support accumulated between the time plaintiff and defendant were divorced and the present, for any year in which plaintiff's personal income and benefits fell below the 125 percent poverty threshold. Another remedy available to plaintiff is "an order for . . . payment of legal fees and other costs of collection." 8 U.S.C. § 1183a(c) (describing remedies available to enforce I-864 affidavit of support).

It is up to plaintiff to demonstrate the precise amount of money defendant owes her for past support. Plaintiff should list all sources of income and benefits she has received from the time of her divorce to the present, including wages, maintenance payments and public benefits. Plaintiff may also submit an itemization of legal costs she has incurred in seeking enforcement of the affidavit of support.

ORDER

IT IS ORDERED that:

1. Plaintiff Ludmyla Skorychenko's motion for summary judgment is GRANTED.

2. Plaintiff may have until October 16, 2009, in which to submit materials

7

demonstrating the amount of damages owed her by defendant for past support under the I-864 affidavit of support and an itemization of any legal costs she incurred in enforcing the affidavit of support.

3.  Defendant Ernest Tompkins may have until October 30, 2009 in which to file objections to the amount of damages and itemized legal costs.

Entered this 28th day of September, 2009.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

8