IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LUDMYLA SKORYCHENKO,                                           OPINION and
                                                                                   ORDER
                 Plaintiff,
                                                                                   08-cv-626-bbc
   v.

ERNEST F. TOMPKINS,

                 Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On September 28, 2009, I granted plaintiff Ludmyla Skorychenko's motion for summary judgment in this case, finding that there were no genuine issues of material fact that would prevent plaintiff from enforcing the provisions of an I-864 affidavit of support in which defendant Ernest Tompkins agreed to maintain plaintiff at an income of at least 125 percent of the federal poverty guidelines. On November 18, 2009, the clerk of court entered judgment in favor of plaintiff in the amount of $10,948.60. Now before the court is plaintiff's "motion for assignment order," dkt. #71, in which she asks the court to assign defendant's future tax refunds to her to satisfy the judgment he owes her. In essence, plaintiff is asking this court to order the Internal Revenue Service to garnish defendant's tax refunds and turn over to plaintiff any refund amount that defendant would receive. Because

1

this court does not have the authority to direct the Internal Revenue Service to garnish future tax refunds, this motion will be denied.

The doctrine of sovereign immunity protects the United States from suit by judgment creditors seeking to garnish or attach property within the federal government's control. Neukirchen v. Wood County Head Start, Inc., 53 F.3d 809, 812 (7th Cir. 1995) (explaining that sovereign immunity prevents judgment creditor from attaching property under control of federal government without government's consent); see also Millard v. United States, 916 F.2d 1, 3 (Fed. Cir. 1990) ("No legal proceeding, including garnishment, may be brought against the United States absent a waiver of its sovereign immunity."); Omega Accounts Servicing Corp. v. Koller, 503 F. Supp. 149, 152 (D.C. Md. 1980); Exchange National Bank v. Daniel Hale Williams University, 473 F. Supp. 656, 657 (D.C. Ill. 1979). The United States has waived its sovereign immunity to garnishment proceedings to enforce child support and alimony payments. 42 U.S.C. § 659; 28 U.S.C. § 6402. However, plaintiff has pointed to no authority, and I have found none, suggesting that the United States has waived its sovereign immunity to attachment or garnishment proceedings for parties attempting to collect on money owed under an I-864 affidavit of support. I conclude, therefore, that plaintiff may not enforce her judgment through an assignment of defendant's future tax returns.

The proper way for plaintiff to enforce her judgment is found in Fed. R. Civ. P. 69.

Under Rule 69, "[a] money judgment is enforced by a writ of execution," and the procedures on execution "must accord with the procedure of the state where the court is located . . . ." Wisconsin's procedures for execution are found in Wis. Stat. §§ 815.01-815.35. Thus, if plaintiff wishes to enforce the money judgment in this court, she may file a motion for writ of execution in accordance with these procedures.

Also, plaintiff has written a letter to the court, dkt. #72, asking whether the court sent copies of the judgment in this case to "the district attorney's office, or WI Support Collections Trust Fund, or another government agency charged with support enforcement." The answer to plaintiff's question is no. The court has provided a certified copy of the judgment to plaintiff, dkt. #70. It is her responsibility to submit a copy of the judgment to any agency she believes should have one.

ORDER

IT IS ORDERED that plaintiff Ludmyla Skorychenko's "motion for assignment order," dkt. #71, is DENIED.

Entered this 11th day of January, 2010.

BY THE COURT:
/s/

_____
BARBARA B. CRABB
District Judge

3