IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LUDMYLA SKORYCHENKO,

                                                MEMORANDUM

            Plaintiff,

                                                08-cv-626-bbc

     v.

ERNEST F. TOMPKINS,

            Defendant,

and

KRAFT PIZZA COMPANY,

           Garnishee.[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On September 28, 2009, I granted plaintiff Ludmyla Skorychenko's motion for summary judgment in this case, finding that there were no genuine issues of material fact that would prevent plaintiff from enforcing the provisions of an I-864 affidavit of support in which defendant Ernest Tompkins agreed to maintain plaintiff at an income of at least

---

[1] Because plaintiff has commenced a garnishment proceeding within the context of this lawsuit as permitted under Seventh Circuit law, Yang v. City of Chicago, 137 F.3d 522, 525-26 (7th Cir. 1998), I have amended the caption of the case to include the garnishee defendant, Kraft Pizza Company.

1

125 percent of the federal poverty guidelines. On November 18, 2009, the clerk of court entered judgment in favor of plaintiff in the amount of $10,948.60. Now before the court is plaintiff's "motion for execution," dkt. #75, in which she seeks to garnish defendant's wages in order to enforce the judgment. Plaintiff states that if she cannot garnish defendant's wages, she wishes to reach defendant's real property that is not exempt from execution.

Plaintiff's motion indicates that she wishes to initiate a garnishment proceeding. This court has supplemental jurisdiction over garnishment proceedings to enforce federal judgments. Yang v. City of Chicago, 137 F.3d 522, 525-26 (7th Cir. 1998). Pursuant to Fed. R. Civ. P. 69, this court must follow the garnishment procedures of Wisconsin. Garnishment proceedings for earnings are governed by Wis. Stat. §§ 812.30-812.44. To commence an earnings garnishment proceeding, a judgment creditor must file a garnishment notice with the clerk of court. Wis. Stat. § 812.35(1). The garnishment notice should comply substantially with the form in Wis. Stat. § 812.44(2) and describe the underlying judgment and judgment amount, as well as the name of the debtor, garnishee, creditor and creditor's attorney, if any. Plaintiff's "motion for execution," dkt. #75, contains this information: plaintiff states that she received a judgment from this court on November 18, 2009, that the judgment amount is $10,948,60, the debtor is Ernest Tompkins and that his employer is Kraft Pizza Company. Therefore, I will construe plaintiff's "motion for

execution" as a garnishment notice under Wis. Stat. § 812.35(1), naming defendant as debtor and Kraft Pizza Company as garnishee.

The next step in a garnishment proceeding is for the clerk of court to issue two earnings garnishment forms to plaintiff. Wis. Stat. § 812.35(2). One of these forms must be served on defendant (the debtor) and the other form must be served on Kraft Pizza Company (the garnishee). Service may be accomplished by first class mail, certified mail with return receipt requested or any other means permissible for service of a summons in a civil action, except publication. In addition to the earnings garnishment form, plaintiff must also serve defendant with an exemption notice under Wis. Stat. § 812.44(4), a debtor's answer form under Wis. Stat. § 812.44(5), the schedules and worksheets adopted under Wis. Stat. § 812.34(3) and the poverty guidelines chart. I will include these forms with this order. Also, plaintiff is obligated to tender a garnishee fee of $15 to Kraft Pizza Company. Wis. Stat. § 812.35(4)(a), which she should include with the garnishment form she serves on the company.

Entered this 3rd day of March, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3