IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LUDMYLA SKORYCHENKO,

                                                                     ORDER

        Plaintiff,

                                                        08-cv-626-bbc

    v.

ERNEST F. TOMPKINS,

        Defendant,

and

KRAFT PIZZA COMPANY,

        Garnishee.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      On September 28, 2009, I granted plaintiff Ludmyla Skorychenko's motion for summary judgment in this case. On November 18, 2009, the clerk of court entered judgment in favor of plaintiff in the amount of $10,948.60. On March 3, 2010, I construed plaintiff's "motion for execution" as a garnishment notice under Wis. Stat. § 812.35(1), and provided plaintiff the forms necessary to move forward with the garnishment proceeding, including earnings garnishment forms, a debtor's answer form, a garnishment exemption worksheet and a poverty guidelines chart. Plaintiff has served these forms on defendant

1

Tompkins and garnishee Kraft Pizza Company and defendant has filed an answer. In his answer, defendant contends that the earnings garnishment form filed by plaintiff does not comport with the judgment in this case. Also, defendant contends that his earnings are completely exempt from earnings garnishment.

Defendant is correct that the earnings garnishment form that plaintiff served on him and garnishee does not comport with the judgment. On the garnishment form, plaintiff should have entered the "unpaid balance on judgment" as $10,948.60. Instead, plaintiff wrote on the form that the unpaid balance was "$1,128.75 per month for support." Plaintiff appears to be confused about the judgment in this case. In multiple communications with the court, plaintiff asserts that she has two judgments from the court: one from September 28, 2009 and one from November 18, 2009. However, the September 28, 2009 opinion and order is not a judgment. In that opinion, I concluded that plaintiff could enforce the I-864 affidavit of support, but I did not award plaintiff any remedy because the damages were uncertain. Dkt. #55 at 6-7. After further briefing, I calculated that defendant owed plaintiff $10,948.60 for past support and directed the clerk of court to enter judgment in that amount. Dkt. #67. I stated explicitly that the judgment "does not guarantee that defendant will maintain [plaintiff] above the 125% poverty threshold in the future." Id. at 9. Thus, there is only one judgment in this case, and that is the November 18, 2009 judgment in which the clerk of court entered a judgment in favor of plaintiff in the amount

2

of $10,948.60. Plaintiff does not have a judgment that entitles her to a certain sum of money from defendant every month. If plaintiff still wishes to proceed with garnishment proceedings, she should serve corrected earnings garnishment forms on defendant and garnishee. Plaintiff should also serve defendant with an new exemption notice and debtor's answer form. I am including the appropriate forms with this order. After plaintiff has served corrected garnishment forms, defendant will have an opportunity to file another answer pursuant to Wis. Stat. § 812.37 and plaintiff may respond to his answer pursuant to Wis. Stat. § 812.38.

On final matter requires attention. On March 3, 2010, I denied plaintiff's motion for issuance of a subpoena for N.E.W. Curative Rehabilitation, Inc. because plaintiff had not explained why the information she sought was relevant to the garnishment proceedings. Now before the court is plaintiff's motion for reconsideration of that denial. Dkt. #80. In her motion, plaintiff contends that the information from N.E.W. Curative Rehabilitation is relevant because it will prove that she has not been working and will prevent defendant from attempting to decrease his support payments. As I explained above, plaintiff's judgment in this case has already been calculated. The judgment is for a set amount of $10,948.60. Any evidence regarding plaintiff's current income or income she has earned since the judgment was entered is irrelevant. Therefore, I will deny plaintiff's motion for reconsideration of her request for issuance of a subpoena.

ORDER

IT IS ORDERED that

1. Plaintiff Ludmyla Skorychenko's motion for reconsideration, dkt. #80, is DENIED.

2. The clerk of court is directed to issue two earnings garnishment forms, an exemption notice and a debtor's answer form to plaintiff, and plaintiff should serve these forms on defendant and garnishee defendant.

Entered this 16th day of March, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge