IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LUDMYLA SKORYCHENKO,

                                                           ORDER

                Plaintiff,

                                                            08-cv-626-bbc

     v.

ERNEST F. TOMPKINS,

                Defendant,

and

KRAFT PIZZA COMPANY,

                Garnishee.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      On September 28, 2009, I granted plaintiff Ludmyla Skorychenko's motion for summary judgment in this case. On November 18, 2009, the clerk of court entered judgment in favor of plaintiff in the amount of $10,948.60. On March 3, 2010, I construed plaintiff's "motion for execution" as a garnishment notice under Wis. Stat. § 812.35(1), and provided plaintiff the forms necessary to move forward with a garnishment proceeding in order to enforce the $10,948,60 judgment. Now plaintiff has filed a "motion for execution of the court's order of September 28, 2009, for enforcement of I-864 affidavit of support,"

1

dkt. #85. In the motion, plaintiff states that she does not want to garnish defendant's wages in order to enforce the November 18, 2009 judgment. Instead, plaintiff wishes to garnish defendant's wages in order to enforce the September 28, 2009 summary judgment order. This is not possible. Although I stated in the September 28, 2009 opinion that plaintiff may enforce the I-864 affidavit against defendant, the opinion did not award injunctive relief to plaintiff that would entitle her to a certain sum of money from defendant every month. This case considered only the amount of past support that defendant owed. Plaintiff did not request specific injunctive relief in this case and no injunctive relief was awarded. If defendant is continuing to violate his obligations under the affidavit of support, plaintiff may file a new case and specifically seek injunctive relief for prospective violations.

Without considering the facts and arguments in such a case, I make no opinion whether an injunction would be appropriate or authorized in this context, or whether plaintiff would be able to satisfy the four-factor test for granting an injunction. eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006) (A plaintiff seeking a permanent injunction must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.")

As I explained to plaintiff in a recent order on March 16, 2010, the September 28, 2009 order "did not award plaintiff any remedy because the damages were uncertain." The only enforceable remedy that plaintiff has in this case is the November 18, 2009 judgment for $10,948.60. Plaintiff should notify the court by April 1, 2010 whether she wishes to proceed with a garnishment proceeding to enforce this judgment. If she does not, the garnishment proceeding will be terminated.

Also before the court is plaintiff's renewed motion for issuance of a subpoena for N.E.W. Curative Rehabilitation, Inc. Dkt. #86. I have already denied this motion twice and will deny it again for the reasons stated in the orders dated March 3, 2010, dkt. #78, and March 16, 2010, dkt. #83.

ORDER

IT IS ORDERED that

1. Plaintiff Ludmyla Skorychenko's motion for execution, dkt. #85, is DENIED. No later than April 1, 2010, plaintiff should inform the court whether she wishes to proceed with a garnishment proceeding to enforce the November 18, 2009 judgment.

3

2.  Plaintiff's motion for issuance of a subpoena, dkt. #86, is DENIED.

Entered this 25th day of March, 2010.

        BY THE COURT:

        /s/

        _____
        BARBARA B. CRABB
        District Judge

4