IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LUDMYLA SKORYCHENKO,

                                                  ORDER

              Plaintiff,

                                                  08-cv-626-bbc

     v.

ERNEST F. TOMPKINS,

              Defendant,

and

KRAFT PIZZA COMPANY,

              Garnishee.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Ludmyla Skorychenko is proceeding with an earnings garnishment action against defendant Ernest Tompkins to enforce the $10,948.60 judgment that she was awarded in this case. On March 30, 2010, plaintiff served the appropriate garnishment forms on defendant Tompkins and garnishee Kraft Pizza Company. Defendant has filed an answer to the garnishment, dkt. #89, contending that his earnings are completely exempt from earnings garnishment because (1) he has received or is eligible to receive need-based public relief and medical assistance in the past six months; and (2) garnishment of 20% of

1

his disposable income would result in his income dropping below the poverty line. In the alternative, defendant contends that the amount of the garnishment must be reduced to prevent him from falling below the poverty level. Plaintiff filed an objection to defendant's answer, contending that he has provided no proof of his income, medical assistance or public relief.

Under Wis. Stat. § 812.38, when a creditor objects to a debtor's answer and claimed exemptions, the court usually schedules a hearing in order to determine the amount, if any, that may be taken from defendant's earnings. I conclude that such a hearing is unnecessary in this case because defendant is not entitled to any of the exemptions that he has asserted in his answer.

Under Wis. Stat. § 812.34(2)(b), a "debtor's earnings are totally exempt from garnishment" if:

> (1) The debtor's household income is below the poverty line [or]
>
> (2) The debtor receives need-based public assistance, has received such assistance within 6 months prior to service of the earnings garnishment forms upon the garnishee or has been determined eligible to receive need-based assistance although actual receipt of benefits has not commenced.

In addition, under § 812.34(c),

> If the garnishment of 20% of the debtor's disposable income . . . would result in the debtor's household income being below the poverty line, the amount of the garnishment is limited to the debtor's household income in excess of the poverty line before the garnishment is in effect.

2

Although defendant asserts that these exemptions apply to him, Wis. Stat. § 812.34(1) explains that these exemptions "do not apply if the judgment debt . . . [i]s for the support of any person." Defendant's debt to plaintiff arose out of his obligations to *support* plaintiff at an income of at least 125 percent of the federal poverty guidelines pursuant to an I-864 affidavit of support. 8 U.S.C. § 1183a(a)(1)(A). Applying the plain language of the statute, the judgment debt in this case is one "for the support of [a] person" and is not exempt from garnishment under the provisions of Wis. Stat. § 812.34. Therefore, this garnishment action may proceed.

Garnishee Kraft Pizza Company must comply with the garnishment order and pay plaintiff 20% of the debtor's disposable earnings for each pay period for the next 13 weeks. The date on which this order is served on garnishee Kraft Pizza Company shall be substituted for the original date of service of the garnishment for the purpose of determining the 13-week garnishment period.

ORDER

IT IS ORDERED that the garnishment action by plaintiff Ludmyla Skorychenko against defendant Ernest Tompkins pursuant to Wis. Stat. § 812.30-812.44 shall proceed. Garnishee Kraft Pizza Company must pay plaintiff 20% of the debtor's disposable earnings

3

for each pay period for the next 13 weeks.

Entered this 6th day of May, 2010.

                                        BY THE COURT:
                                        /s/
                                        BARBARA B. CRABB
                                        District Judge