IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LUDMYLA CARLBORG,[1]

                                      Plaintiff,

    v.

ERNEST F. TOMPKINS,

                                      Defendant,

and

KRAFT PIZZA COMPANY,

                                      Garnishee.

ORDER

08-cv-626-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       On May 6, 2010, I ruled that plaintiff Ludmyla Carlborg's garnishment action against defendant Ernest Tompkins pursuant to Wis. Stat. §§ 812.30-812.44 shall proceed and that garnishee Kraft Pizza Company must pay plaintiff 20% of Tompkins's disposable earnings for each pay period for the next 13 weeks.  In so ruling, I rejected defendant Tompkins's arguments that he was exempt from earnings garnishment because he has received public assistance in the past six months and garnishment would result in his income dropping below

---

[1] Plaintiff notified the court that she changed her name from Ludmyla Skorychenko to Ludmyla Carlborg.  I have amended the caption accordingly.

1

the poverty line. I concluded that these exemptions, found in Wis. Stat. §§ 812.34(2)(b) and 812.34(c), did not apply to defendant because the judgment debt is for the support of plaintiff. Under Wis. Stat. § 812.34(1), exemptions to an earnings garnishment "do not apply if the judgment debt . . . [i]s for the support of any person."

Defendant Tompkins has filed a "motion to vacate garnishment order," dkt. #96, contending that the garnishment order should be vacated or stayed because (1) his income level has dropped significantly since this case was commenced; (2) no consideration has been given to determine the amount that may be garnished from him; (3) he qualifies for social security, Medicare and other public assistance benefits; (4) the current garnishment will unduly burden him and place him below the poverty level; and (5) vacating the garnishment order is in the interests of justice.

Although defendant does not cite Wis. Stat. §§ 812.34(2)(b) and 812.34(c) in his motion to vacate, he is basically asserting the same objections to the garnishment order that I rejected previously. Under Wisconsin law, because plaintiff's judgment is for support, defendant is not exempt from garnishment even though his income may have dropped and he is receiving public assistance. Defendant has cited no authority that suggests otherwise. In fact, defendant cites no legal authority at all in support of his motion. Also, the court does not need a hearing to determine the amount that may be garnished from defendant. Under Wis. Stat. § 812.44, garnishees are directed to pay creditors 20% of the debtor's earnings for each pay period in which the garnishment is in effect, unless 25% or more of the

debtor's earnings are already assigned for support by a court order. Because defendant has not shown that any of his earnings are exempt from garnishment or assigned for support by a court order, plaintiff is entitled to the full 20% garnishment anticipated by Wis. Stat. § 812.44.

In sum, plaintiff has a federal judgment against defendant that he is legally obligated to pay. Although paying this judgment may inflict financial hardship on defendant, he has pointed to no legal authority that allows him to avoid his obligation. Accordingly, I will deny his motion to vacate the garnishment order.

ORDER

IT IS ORDERED that defendant Ernest Tompkins's motion to vacate garnishment order, dkt. #96, is DENIED. Garnishee Kraft Pizza Company shall continue to pay plaintiff 20% of defendant's disposable earnings for each pay period until the garnishment has continued for 13 weeks.

Entered this 8th day of June, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge