IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LUDMYLA CARLBORG,

                                                          ORDER
                              Plaintiff,

                                                      08-cv-626-bbc
                 v.

ERNEST F. TOMPKINS,

                              Defendant,

and

KRAFT PIZZA COMPANY,

                              Garnishee.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On May 6, 2010, I ordered garnishee Kraft Pizza Company to pay plaintiff Ludmyla Carlborg 20% of defendant Ernest Tompkins's disposable earnings for each pay period for the next 13 weeks, dkt. #92.  On June 8, 2010, I denied defendant's motion to vacate the garnishment order and ordered Kraft Pizza Company to continue garnishing defendant's wages.  On September 27, 2010, plaintiff filed a motion for sanctions against garnishee Kraft Pizza Company, dkt. #99, in which she alleged that she had not received any money from Kraft Pizza Company.  Kraft Pizza Company's response was due on October 19, 2010, but it did not respond to the motion for sanctions.  However, on October 25, plaintiff notified the court that she had received a payment from Kraft Pizza Company for $1,517.98 on

1

October 15.  The payment arrived without any identification of the time period covered by the payment or any explanation for the delay in payment.

After reviewing the docket, I realize that Kraft Pizza Company may not have received the court's May 6 and June 8 orders and was waiting to hear from the court whether to proceed with the garnishment.  I will send copies of those orders to Kraft Pizza Company. However, without an explanation by Kraft Pizza Company why it waited until October to pay plaintiff and an explanation whether the $1,517.98 represents 13 weeks of garnishment, it is impossible to determine whether plaintiff is entitled to more money under the court's May 6 garnishment order.  Therefore, Kraft Pizza Company is directed to explain to the court and plaintiff whether the payment represents 20% of defendant Ernest Tompkins' disposable earnings for a 13-week period.


ORDER

IT IS ORDERED that garnishee Kraft Pizza Company may have until November 9, 2010 in which to explain whether the $1,517.98 it sent to plaintiff on October 15, 2010 represents 20% of defendant Ernest Tompkins' disposable earnings for a 13-week period.

Entered this 26th day of October, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

2